Leah Kelman, Esq.
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, NJ 07102
973-274-2004
*Attorneys for Plaintiff Bogg Bag, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BOGG BAG, INC.,

               *Plaintiff*,

                 v.

LUXTOTE,

               *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Bogg Bag, Inc. (formerly Twenty-Six Designs, LLC) ("Plaintiff" or "Bogg"), by its undersigned attorneys, for its Complaint against defendant LuxTote ("Defendant" or "LuxTote") alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action for trademark counterfeiting, trademark infringement, trade dress infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and corresponding state law, to halt Defendant's infringement of Plaintiff's valuable trademarks and trade dress, which are prominently used in connection with Plaintiff's popular BOGG Bag products.

**THE PARTIES**

2.      Plaintiff Bogg Bag, Inc. is a Delaware corporation with its principal place of business at 80 Seaview Drive, Secaucus, NJ 07094, engaged in the business of, among other things, designing, marketing, and selling tote bags to consumers.

3.       Upon information and belief, defendant LuxTote is a California company with its principal place of business at 548 Market Street #14148, San Francisco, California 94104.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to principles of supplemental jurisdiction. The Court also has jurisdiction over this action under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

5.       This Court has personal jurisdiction over Defendant because it offers the infringing and counterfeit products for sale in New Jersey and has committed tortious acts within New Jersey by advertising and offering for sale products in this jurisdiction using counterfeit and infringing trademarks and trade dress.

6.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because Plaintiff resides in this District.

## NATURE OF THE ACTION

7.       Bogg brings this action for trademark and trade dress counterfeiting, trademark and trade dress infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and corresponding state law to halt Defendants' counterfeiting and infringement of Bogg's valuable trademarks and trade dress.

## FACTS

**The Origin of BOGG Bag, Inc. and the BOGG Bag**

8.       Kimberlee Vaccarella is the founder and CEO of Bogg and is solely responsible for the design of the BOGG bag.  She started her business in her home in 2008 while working

2

full time as the controller at a commercial real estate lender. After sketching out the look of the BOGG bag, Ms. Vaccarella visited a local craft store and purchased foam and other materials needed to create a prototype of the BOGG bag. Next, she researched manufacturing methods and learned that the bags she designed and envisioned could be manufactured through an injection mold process. With her prototype in hand, she next sought out a manufacturer, paid for the tooling of an injection mold and placed an order with a factory for a sample bag. The sample arrived while Ms. Vaccarella was at work at her job at the commercial real estate lender. Her husband called her to come home right away to see "the coolest thing [he had] ever seen."

9.      When she arrived home, she saw on her dining room table her vision realized – the BOGG bag, which has maintained its distinctive look ever since.

10.      Ms. Vaccarella ordered from the factory 300 units of the BOGG bag which she sold through a boutique in her hometown of Ridgewood, New Jersey.

11.      Though the first shipment of BOGG bags received an enthusiastic reception, Ms. Vaccarella faced many challenges scaling up production and distribution.

12.      It was not until 2016 that Bogg turned a small profit that was reinvested into the business and not until 2018 that Ms. Vaccarella drew a salary from Bogg. And it was not until 2018 that Ms. Vaccarella felt secure enough to leave her accounting job, rely on the public service salary of her husband to support their family of four and commit herself to the BOGG bag full time.

**Bogg's Marks**

13.      Since 2011, Bogg has designed, produced, marketed, and sold its famous BOGG Bags using the word mark BOGG (the "BOGG Word Mark").

3

14. Since 2011, Bogg has designed, produced, marketed, and sold its famous BOGG

Bags using Bogg's stylized "b" mark shown here  ("Bogg's Stylized b Mark").

15. Since 2011, Bogg has used the stylized mark shown here **bogg** ("Bogg's Stylized bogg Mark") on and in connection with its BOGG Bags.

16. Since 2011, Bogg has designed, produced, marketed, and sold its famous BOGG Bags using the BOGG Word Mark, Bogg's Stylized b Mark, Bogg's Stylized Bogg Mark and featuring a now well-known trade dress (the "BOGG Trade Dress") that has come to signify Bogg as the source of these popular and high-quality bags. An image of one of Bogg's BOGG Bags featuring the BOGG Trade Dress, the BOGG Word Mark, Bogg's Stylized b Mark, and Bogg's Stylized bogg Mark appears below:



4

17. The BOGG Trade Dress comprises the overall look, design and appearance of the bags and embraces multiple design elements that collectively have come to identify Bogg as the source of the bags, including the following:

- A rectangular shape formed of EVA foam, with rounded bottom corners;

- An arbitrary pattern of holes on the front and back faces of the bag;

- Belt-like looped EVA foam handles fastened to the front and back of the bag with shiny, circular buttons in a contrasting material and/or color;

- Parallel horizontal lines running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom of the bag;

- An arbitrary pattern of zig zag protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line noted above (the "Parallel Zig Zag Lines Mark").

18. The BOGG Trade Dress is non-functional and represents a series of creative design choices. There are many ways to create an EVA tote bag that do not use the same overall elements, patterns and arbitrary features.

19. Over the past 15 years, Bogg has sold its popular BOGG Bags internationally and across the United Stated through over 5,000 stores. Moreover, Bogg has widely promoted and sold its BOGG Bags through Bogg's website at https://BOGGbag.com.

20. Bogg's BOGG Bag has become so popular and is so well regarded that it has been featured in magazines including Better Homes and Gardens, Coastal Living, Country Living and more, and on Good Morning America, CNBC and Bloomberg.

5

21.     As a result of this longtime use and widespread public and media attention and praise, the BOGG Trade Dress serves as a powerful source identifier for Bogg and has acquired significant secondary meaning among the consuming public, which uses the BOGG Trade Dress to identify BOGG Bags and their source in the marketplace.  That is, consumers encountering Bogg's BOGG Bags featuring the BOGG Trade Dress identify that bag with a single source – Bogg.

22.     Bogg has also made extensive use of the BOGG Trade Dress in advertising and promoting its BOGG Bags, with advertising and promotions featuring the BOGG Trade Dress on Bogg's social media accounts, through which Bogg has hundreds of thousands of followers.

23.     Just a few examples of social media posts drawing consumer attention to the appearance of the BOGG Bags and the BOGG Trade Dress appear below:

 



24.    Bogg owns trademark registrations for its marks and trade dress, including but not limited to:

- United States Trademark Registration No. 4300610 (the "Registered BOGG Word Mark") for the BOGG Word Mark and covering "Bags, namely, all purpose carrying bags, tote bags, wine bags with handles for carrying or holding wine; Decorative accessories for bags, namely, non-metal ornaments for bags " in Class 18.

- United States Trademark Registration No. 7377657 (the "Registered Stylized b Mark") for Bogg's Stylized b Mark and covering "Bags, namely, all-purpose carrying bags, tote bags" in Class 18 including as shown below:



7

- United States Trademark Registration Number 7,209,812 (The "Registered Trade Dress") covering "Bags, namely, all-purpose carrying bags, tote bags, wine bags with handles for carrying or holding wine" in Class 18, which is valid, subsisting, and in full force and effect and which grants Bogg exclusive rights in certain aspects of the BOGG Trade Dress namely:

  (a)   the horizontal line running the circumference of the top hem;

  (b)   the horizontal line running the circumference of the base;

  (c)   the semi-rigid synthetic base with round corners; and

  (d)   the raised pattern of four zig zag lines when viewed in profile as well as a repeating series of short diagonal lines to the side of the zig zag lines, as shown below;



25.   United States Registration No. 7,209,811 (the "Registered Parallel Zig-Zag Lines Trademark") for the Parallel Zig Zag Lines Mark covering "bags, namely, all-purpose carrying bags, tote bags, wine bags with handles for carrying or holding wine; cosmetic bags sold empty; toiletry bags sold empty" in Class 18 including as shown below:



26.     Bogg's Trademark Registrations listed above are valid, subsisting, and in full force and effect.

27.     As a result of longtime use and widespread public and media attention and praise, the Registered Trade Dress serves as a powerful source identifier for Bogg and has acquired significant secondary meaning among the consuming public, which uses the Registered Trade Dress to identify BOGG Bags and their source in the marketplace. That is, consumers encountering Bogg's BOGG Bags featuring the Registered Trade Dress identify that bag with a single source – Bogg.

28.     The Registered Trade Dress is non-functional and represents a series of creative design choices.  There are many ways to create an EVA tote bag that do not use the same combination of elements, patterns and arbitrary features.

9

29.    Since at least 2011, Bogg and its assignors and/or predecessors in interest have expended considerable time, resources, and effort promoting the BOGG Word Mark, Bogg Stylized b Mark, Stylized BOGG Mark, Bogg Trade Dress and Registered Trade Dress.

30.    Since 2011, Bogg's BOGG Bags have been a huge commercial success, with 2021 sales exceeding $20 million, 2022 sales exceeding $47 million, 2023 sales exceeding $54 million, 2024 sales exceeding $100 million, and 2025 sales neared $200 million.  Every consumer exposed to the BOGG Bags is exposed to the BOGG Trade Dress.

31.    Bogg's BOGG Bags are distributed, sold, marketed, and promoted through a wide variety of trade channels, including retail stores, wholesale, and internet sales nationwide.

32.    As a result of the enormous commercial success of the BOGG Bags and years of promotion of the BOGG Trade Dress, Bogg's Stylized b Mark, Parallel Zig-Zag Lines Mark, and the BOGG Word Mark in connection with such a popular product, the BOGG Trade Dress, Bogg's Registered Trade Dress, Bogg's Stylized b Mark, the Registered Stylized b Mark, the Parallel Zig-Zag Lines Mark, the Registered Parallel Zig-Zag Lines Trademark, the BOGG Word Mark, and the Registered BOGG Word Mark (collectively, "Bogg's Marks") have become extremely well-known to consumers as unique source identifiers that identify bags of the highest quality, originating with Bogg.  As such, Bogg's Marks have developed substantial goodwill symbolizing intellectual property of tremendous value to Bogg.

33.    Bogg actively monitors the marketplace in order to enforce its rights against third-party infringers of its intellectual property.

**LuxTote's Infringement and Counterfeiting of Bogg's Marks**

34.     LuxTote, without authorization from Bogg, has manufactured and is offering for sale copycat bags that are identical to or substantially indistinguishable from Bogg's Registered Trade Dress, the Registered Parallel Zig-Zag Lines Trademark, the Registered Stylized b Mark, and the Registered BOGG Word Mark.

35.     Below is an image of a genuine BOGG bag next to an image of Defendant's bag sold under the names "Bag for Women" and "EVA Waterproof Summer Storage Basket Mini Kid Beach Bogg Bag Women Shopping Bag Picnic Rubber Jelly Tote Bogg Bag Kid Purses (the "Counterfeit Bag").

| Genuine Bogg Bag | Defendant's Counterfeit Bag |
|---|---|
|  | |

36.     Like genuine BOGG Bags, the Counterfeit Bags include the following features of the Bogg Trade Dress:

- A body formed of EVA foam, with rounded bottom corners;

- An arbitrary pattern of round holes on the front and back faces of the bag that are identical to the hole placement on BOGG Bags;

- Belt-like looped handles, ostensibly made out of EVA foam and fastened to the front and back of the bag with round, shiny, white attachment mechanisms bearing a stylized letter "b";

- A horizontal line running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom;

- A parallel zig-zag pattern of protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag.

37.    Because the Counterfeit Bags copy the elements of the BOGG Bag and are identical to or substantially indistinguishable from the Bogg Bag, the Counterfeit Bags constitute counterfeiting of Bogg's Registered Trade Dress and infringement of the BOGG Bag Trade Dress.

38.    Like the genuine BOGG Bag, the Counterfeit Bags feature a parallel zig-zag lines mark identical to or substantially indistinguishable from the Registered Parallel Zig-Zag Lines Trademark, and for this reason the Counterfeit Bags not only constitute counterfeits of Bogg's Registered Trade Dress, and infringements of the BOGG Bag Trade Dress, but also counterfeits of the Registered Parallel Zig-Zag Lines Trademark and infringements of the Parallel Zig-Zag Lines Mark.

39.    In addition, because the Counterfeit Bags feature a stylized letter "b" that is identical to Bogg's Stylized b Mark and Registered Stylized b Mark, the Counterfeit Bags also

12

constitute counterfeits of Bogg's Registered Stylized b Mark and infringements of Bogg's Stylized b Mark.

40.    Further, because the Counterfeit Bags are sold under a listing in which the phrase "Bogg Bag" appears twice in the title of the product, the Counterfeit Bags also constitute counterfeits of the Registered BOGG Word Mark and infringements of the BOGG Word Mark.

41.    Below is an image of a genuine BOGG bag next to an image of Defendant's bag sold under the name "1PCS New Trend Eva Plastic Molded Beach Bag, Fashion Women Hand Shopping Good Helper, Multi-functional Makeup Storage" (the "Infringing Bag").

| Genuine Bogg Bag | Defendant's Infringing Bag |
|---|---|
|  | |

42.    Like genuine BOGG Bags, the Infringing Bags include the following features of the Bogg Trade Dress:

- A body formed of EVA foam, with rounded bottom corners;
- An arbitrary pattern of round holes on the front and back faces of the bag that are similar

to the hole placement on BOGG Bags;

• Belt-like looped handles, ostensibly made out of EVA foam and fastened to the front and back of the bag with round, shiny attachment mechanisms

43. In addition, because the Infringing Bags copy the elements of the BOGG Bag and are confusingly similar to the Bogg Bag, the Infringing Bags constitute infringement of the BOGG Bag Trade Dress.

44. LuxTote also sells replacement buttons that look identical to the round, shiny, white attachment mechanisms bearing the Registered Stylized b Mark on the Bogg Bag, titled "Bogg Bag Buttons EVA Rubber Beach Storage Basket Replacement Plastic Buttons Plastic Repair Rivet Jelly Bogg Bag Accessories," as seen below (the "Counterfeit Buttons").



45. Because the Counterfeit Buttons feature a stylized letter "b" that is identical to Bogg's Stylized b Mark and Registered Stylized b Mark, the Counterfeit Buttons constitute counterfeits of Bogg's Registered Stylized b Mark and infringements of Bogg's Stylized b Mark.

46.    Further, because the Counterfeit Buttons are sold under a listing in which the phrase "Bogg Bag" appears twice in the title of the product, the Counterfeit Buttons also constitute counterfeits of the Registered BOGG Word Mark and infringements of the BOGG Word Mark.

47.    Further, because the Infringing and Counterfeit Bags and the Counterfeit Buttons (collectively, the "Infringing and Counterfeit Products") are sold on LuxTote's website located at luxtote.shop (the "LuxTote Website") under the header "Bogg Bag Or Accessories," as seen below, the Infringing and Counterfeit Bags and the Counterfeit Buttons also constitute counterfeits of the Registered BOGG Word Mark and infringements of the BOGG Word Mark.



15

48.     Upon information and belief, the Infringing and Counterfeit Bags are marketed to the same classes of consumers as genuine BOGG Bags, through similar channels of trade.

49.     Upon information and belief, the Infringing and Counterfeit Bags are of significantly lower quality than the BOGG Bags.

50.     Upon information and belief, LuxTote intentionally and willfully copied the BOGG Trade Dress Bogg's Registered Trade Dress, the Parallel Zig-Zag Lines Mark, the Registered Parallel Zig-Zag Lines Trademark, the Registered Stylized b Mark, and the Registered BOGG Word Mark to draw upon and siphon off the goodwill and consumer recognition and popularity of genuine BOGG Bags.

51.     LuxTote's use of trade dress identical to, substantially indistinguishable from, or confusingly similar to the BOGG Trade Dress, Bogg's Registered Trade Dress, LuxTote's use of a parallel zig-zag lines pattern identical to or substantially indistinguishable from the Bogg Zig-Zag Lines Mark and the Registered Parallel Zig-Zag Lines Trademark, LuxTote's use of a stylized "b" mark identical to or substantially indistinguishable from the Bogg Stylized b Mark and the Registered Stylized b Mark, and LuxTote's use of the BOGG Word Mark and the Registered BOGG Word Mark in conjunction with these other uses, is likely to cause confusion, mistake, and deception among consumers as to the source and origin of LuxTote's goods and/or services, and is likely to deceive the public into believing that LuxTote's goods and/or services originate from, are associated with or are authorized or licensed by the producers of the BOGG Bags, or that LuxTote's goods and/or services are from the same source, all to the damage and detriment of Bogg's goodwill, reputation, and sales.

52.     Upon information and belief, by virtue of its unlawful conduct, LuxTote has and will continue to deprive Bogg of sales of the genuine BOGG Bag and has made or will make substantial profits and gains to which it is not in law or equity entitled.

53.     As a result of LuxTote's actions, Bogg has been and will be damaged in an amount to be determined at trial.

54.     LuxTote's unlawful activities have caused and will continue to cause irreparable harm and injury to Bogg and the reputation and goodwill associated with Bogg's Marks and Bogg's BOGG products.  Bogg has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting Under Section 32 of the Lanham Act)

55.     Bogg repeats and realleges the allegations set forth in paragraphs 1-54 above as if set forth fully herein.

56.     LuxTote has used spurious designations that are identical with, or substantially indistinguishable from, Bogg's Registered Trade Dress, the Registered Parallel Zig-Zag Lines Mark, the Registered Stylized b Mark, and the Registered BOGG Word Mark for which Bogg owns federal trademark registrations.  LuxTote has used these spurious designations in commerce in connection with the intended advertising, sale, offering for sale and/or distribution of Counterfeit Bags and Counterfeit Buttons for its own financial gain.  Bogg has not authorized such use of Bogg's Registered Trade Dress, the Parallel Zig-Zag Registered Mark, the Registered Stylized b Mark, or the Registered BOGG Word Mark by LuxTote.

57.     Upon information and belief, at all relevant times, LuxTote had actual and direct knowledge of Bogg's prior use and ownership in the United States of Bogg's Registered Trade Dress, the Registered Parallel Zig-Zag Lines Mark, the Registered Stylized b Mark, and the

17

Registered BOGG Word Mark for which Bogg owns federal trademark registrations.  LuxTote's

conduct is thus willful and reflects his intent to exploit the goodwill and brand recognition

associated with Bogg's Registered Trade Dress, the Registered Parallel Zig-Zag Lines Mark, the

Registered Stylized b Mark, and the Registered BOGG Word Mark.

58.     LuxTote's acts as described herein constitute trademark counterfeiting in

violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement Under Section 32 of the Lanham Act)

59.     Bogg repeats and realleges the allegations set forth in paragraphs 1-58 above as if

set forth fully herein.

60.     LuxTote's Infringing and Counterfeit Bags use a trade dress that is confusingly

similar to Bogg's Registered Trade Dress.

61.     LuxTote's Counterfeit Bags use a zig-zag lines pattern that is confusingly similar

to Bogg's Registered Parallel Zig-Zag Lines Trademark.

62.     LuxTote's Counterfeit Bags and Counterfeit Buttons use shiny, circular, white

buttons featuring a stylized letter "b" that is confusingly similar to Bogg's Registered Stylized b

Mark.

63.     LuxTote's Infringing and Counterfeit Bags and Counterfeit Buttons are sold under

the name "Bogg Bag or Accessories," which contains the Registered BOGG Word Mark.

64.     The Infringing and Counterfeit Bags offered by LuxTote are confusingly similar

to those offered by Bogg under the Registered Trade Dress, the Registered Stylized b Mark, the

18

Registered Parallel Zig-Zag Lines Trademark, and the Registered BOGG Word Mark, and are being offered through the very same or similar channels of trade to the same class of consumers.

65.     The Counterfeit Buttons offered by LuxTote are confusingly similar to those that appear on bags offered by Bogg under the Registered Stylized b Mark, and are being offered through the very same or similar channels of trade to the same class of consumers.

66.     LuxTote's use of Bogg's trade dress, word mark, zig-zag lines pattern, and/or stylized button mark is likely to confuse or deceive consumers into believing that LuxTote's goods are connected with, sponsored by, licensed by, affiliated with, related to, or approved by Bogg, Bogg's goods, or both.

67.     LuxTote's acts constitute infringement of Bogg's Registered Trade Dress, Bogg's Registered Parallel Zig-Zag Lines Trademark, Bogg's Registered Stylized b Mark, and Bogg's Registered BOGG Word Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**THIRD CLAIM FOR RELIEF**
**(Trade Dress and Trademark Infringement in Violation of**
**Section 43(a) of the Lanham Act)**

68.     Bogg repeats and realleges the allegations set forth in paragraphs 1-67 above as if set forth fully herein.

69.     LuxTote's use of, promotion, and sale of the Infringing and Counterfeit Bags and Counterfeit Buttons, as described above, constitutes trade dress infringement, trademark infringement, false designation of origin, and unfair competition all in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## FOURTH CLAIM FOR RELIEF
### (Violation of NJ Stat. § 56:4-1)

70.     Bogg repeats and realleges the allegations set forth in paragraphs 1-69 above as if set forth fully herein.

71.     LuxTote's use of, promotion, and sale of the Infringing and Counterfeit Bags and Counterfeit Buttons, as described above, appropriates for its own use the BOGG Trade Dress, Bogg's Stylized b Mark, Bogg's Parallel Zig-Zag Lines Mark, and the BOGG Word Mark, and the reputation and goodwill associated therewith, in violation of NJ Stat. § 56:4-1.

## FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

72.     Bogg repeats and realleges the allegations set forth in paragraphs 1-71 above as if set forth fully herein.

73.     LuxTote's use of the BOGG Trade Dress, Bogg's Stylized b Mark, Bogg's Parallel Zig-Zag Lines Mark, and the BOGG Word Mark as described above constitutes unfair competition in violation of the common law of the State of New Jersey.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Bogg Bag, Inc. respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

A.     Pursuant to 15 U.S.C. § 1116 and NJ Stat. § 56:4-2, that Defendant, its agents, servants, employees, representatives, successors and assigns and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be preliminarily and permanently enjoined from (i) manufacturing, importing, selling or otherwise distributing the Infringing and Counterfeit Bags and Counterfeit Buttons; or (ii) using trade dress that is confusingly or deceptively similar to Plaintiff's BOGG Bag Trade Dress or Registered

20

Trade Dress in connection with the sale, advertising or promotion of Defendants' goods;

      B.      Pursuant to 15 U.S.C. § 1118, that Defendant deliver up for destruction all material (including, without limitation, all packaging, catalogs, advertisements, promotional materials, brochures, signs, displays and/or stationary), within its possession, custody or control, either directly or indirectly, that uses the BOGG Bag Trade Dress or the Registered Trade Dress;

      C.      Pursuant to 15 U.S.C. § 1116, that Defendant be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in Paragraphs A and B above;

      D.      Pursuant to 15 U.S.C. § 1117, that Defendant be directed to account to Plaintiff for all gains, profits and advantages derived from its wrongful acts and to pay Plaintiff all damages sustained as a result of Defendant's unlawful conduct;

      E.      Pursuant to 15 U.S.C. § 1117, that Plaintiff recover from Defendant the greater of three times the amount of Defendant's profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action;

      F.      Pursuant to NJ Stat. § 56:4-2, that Plaintiff recover from Defendant all damages directly or indirectly caused to Plaintiff by Defendant's unlawful practices, trebled;

      G.      Pursuant to 15 U.S.C. § 1117, that Plaintiff recover from Defendant attorneys' fees and costs in this action; and

      H.      That Plaintiff have such other and further relief as this Court may deem just, equitable and proper.

Dated: Newark, New Jersey
       March 26, 2026

           **HERRICK FEINSTEIN LLP**

           By: */s/ Leah Kelman*
              Leah Kelman

21

lkelman@herrick.com
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000

*Attorneys for Plaintiff Bogg Bag, Inc.*